UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ERNEST C. COLLIER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:15-CV-281 RM |
|  | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

OPINION AND ORDER

Ernest C. Collier, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISO 15-04-0019) that was held on April 14, 2015, in which he was found guilty of threatening in violation of B-213, deprived of 30 days earned credit time, and demoted to credit class 2. The conduct report completed by Mrs. Hills, an employee of Aramark working at the Indiana State Prison, states as follows:

> On 4-3-15 I Mrs. Hills was serving lunch on the line. Offender Collier, Ernest 892985 came through the line complaining about the fruit drink. I told him to order something different to drink on commissary, he then took his apple off his tray and leaned over the counter towards my midsection. I felt threaten[ed] My reflects [sic] smacked his hand away from me.

Offender Collier also reported this incident to Sgt. Everett, who wrote a report stating:

> On 04/03/15, at approx. 1110 inmate Collier E. 892985 entered the Shift Supervisor's office, and stated that Mrs. Hill (Food Service Supervisor) hit him. That he had an apple in his hand, and she smacked the apple out of his hand. During the conversation Collier communicated to me that he was

1

going to do everything possible to her. I spoke to the Food Service Supervisor Hill, and she stated that it did happen, that she did not know what he was doing. Mrs. Hill said he approached the serving line reached across the line, and grabbed an apple, then reaching across the line towards her stomach with the hand holding the apple. She said it was an automatic reaction, that she did not know what he was doing. Collier received a Conduct Report 213 Threatening, and placed on Dorm restriction. Lt. Williams notified.

Mr. Collier was notified of the charge and his rights, pleaded not guilty and requested a lay advocate. Mr. Collier requested Offender Demetrius Echols, Offender Eric Berrios, and Officer Janice Collins as witnesses. He also asked for security camera footage of the incident.

Offender Echols stated, "Well I was standing behind Mr. Ernest when I seen [sic] him getting his food and after he was putting an apple on the counter and she slap[ped] the apple out of his hand." Offender Berrios said, "I was behind Echols and Collier and I saw the apple flying. Collier normally gives me his apple, which he was trying to sit down for me. Echols told me that Mrs. Hills smacked the apple out of Collier's hand." Officer Collins stated:

> Mr. Collier came into Sgt. Everett office, state Ms. Hill had slap[p]ed his hand, that he was tired of her threatening him, he has had problems with her before. After Mr. Collier left, Sgt. Everett went to the kitchen to see what happen [sic]. When returning from the kitchen, Sgt. Everett stated, she said yes I hit his hand.

A hearing officer conducted a disciplinary hearing. Mr. Collier gave the following statement:

> 1st after I walked into Chow, I heard one offender kitchen worker tell another that they needed more kool-aid. So I jokingly said yea bring the good stuff, not the watered down stuff. She chimed in talking belligerent. I told her not

to talk to me like that. I grabbed my tray and I always give Berrios my apple so I took the apple off my tray to the counter attempting to, so I can grab my juice. And she smacked my hand before I can even set it on the counter. It stunned me. I told her not to hit me. Then I sat down, stunned and waited for Berrios to finish eating. Juice was going to go in the empty space where the apple was. I went to see Sgt. and said I wanted a grievance and told him what happened. This is not my character.

The hearing officer reviewed video from the two security cameras in the area, but the incident couldn't be seen because one camera was too far away and the other was too blurry. Thus, the videos were not used as supporting evidence in the hearing officer's decision. The hearing officer found Mr. Collier guilty of threatening. In making this determination, the hearing officer relied on staff reports, witness statements, and copy of the incident report and Mr. Collier's statement. The hearing officer noted:

> This DHB Officer has reviewed the staff report, offender's statement, copy of incident report, and requested witness statements. Report is clear and concise. Staff felt intimidated/threatened when offender moved too close, close enough to smack his hand away, after showing disagreement about juice. History shows history of insolence and threatening. Offender guilty of B213.

Mr. Collier's appeals to the facility head and the final reviewing authority were denied.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. Wolff v.

McDonnell, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Mr. Collier raises two grounds for relief in his petition.

First, Mr. Collier claims that he was denied due process when he was denied video evidence from the "kitchen camera above the servers line." An inmate has a right to present relevant, exculpatory evidence. Wolff v. McDonnell, 418 U.S. at 566. Mr. Collier claims that he requested video evidence of the kitchen camera and that would have shown his innocence. Despite his complaint that the video wasn't considered as evidence in the hearing officer's decision, Mr. Collier wasn't denied any video evidence. The requested video was reviewed, but because the camera was out of focus the incident couldn't be seen.[1] While the video wasn't helpful nor exculpatory, the prison satisfied Mr. Collier's request because the DHB reviewed and considered the video as requested. There has been no showing that Mr. Collier was deprived any due process, and this claim is not a basis for habeas corpus relief.

Second, Mr. Collier claims that there was insufficient evidence to find him guilty and alleges that Sgt. Everett's witness statement was made for retaliatory reasons. "[P]risoners are entitled to be free from arbitrary actions of prison officials." McPherson v. Bride, 188 F.3d 784, 787 (7th Cir. 1999). Mr. Collier cites to no evidence and provides no argument from which retaliation may be inferred. Nevertheless, "even assuming fraudulent conduct

---

[1] Video from that security camera was provided to the court under seal. (Sealed Ex. F.) The video demonstrates the extremely poor quality of the camera in question.

4

on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." Id. In other words, the protections to which Mr. Collier was entitled are the protections afforded by Wolff, and his claim that the charge was false doesn't itself entitle him to federal habeas relief. Liberally construed, this claim centers on his theory that the evidence was insufficient to find him guilty.

In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. Bride, 188 F.3d at 786. "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. at 455-456 (emphasis added). The court will overturn a guilty finding only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir. 1994). Even a conduct report alone can be sufficient evidence to support a finding of guilty. McPherson v. McBride, 188 F.3d at 786.

The evidence shows that after Mr. Collier complained about the fruit drink, Mrs. Hills told him to get a drink from the commissary instead. In response, Mr. Collier told her "not to talk to me like that," grabbed the apple off his tray and leaned over the counter towards Mrs. Hills' midsection. It's impossible to determine what Mr. Collier's true intent was. But, to be constitutionally adequate, the evidence needn't point to only one logical

5

conclusion; the question is whether there is some evidence to support the hearing officer's determination. See Superintendent v. Hill, 472 U.S. at 457. Threatening doesn't have to be an explicit verbal threat, and movement towards someone can constitute threatening behavior. Because some evidence in the record supports the hearing officer's finding that Mr. Collier was guilty of threatening, he isn't entitled to habeas relief. Mr. Collier and his witnesses testified that he didn't threaten Mrs. Hill, but it was for the hearing officer, not this court to make that credibility determination. McPherson v. McBride, 188 F.3d at 786.

For these reasons, the petition is DENIED. The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: October  24 , 2016         /s/ Robert L. Miller, Jr.
                                    Judge
                                    United States District Court